UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RICHARD PAIVA :
:
v. : C.A. No. 18-00054-WES
:
VANCE TYREE :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) is the Motion to Dismiss Amended Complaint filed by Defendant, in his official capacity only. (ECF Doc. No. 15). Pro se Plaintiff Richard Paiva, a prisoner at the Adult Correctional Institutions ("ACI"), has brought claims pursuant to 42 U.S.C. § 1983 against Defendant Vance Tyree, who is sued in both his individual and official capacity.[1] Defendant moves the Court to dismiss the Amended Complaint because it fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), because he failed to exhaust administrative remedies and because damages are not available against Defendant in his official capacity. For the reasons that follow, I recommend that the Motion to Dismiss be GRANTED.

**Background**

Plaintiff is an inmate at the ACI in Cranston, Rhode Island. His pro se Amended Complaint, filed on July 10, 2018, alleges violations of 42 U.S.C. § 1983, the First, Fifth and

---

[1] While the present Motion to Dismiss was pending, Defendant was served with the Amended Complaint in his Individual Capacity. Then, on November 5, 2018, Defendant moved to dismiss the Individual Capacity claims asserted in Amended Complaint and incorporated the arguments made in the pending Motion. (ECF Doc. No. 35). Defendant also argued that he is entitled to qualified immunity for any claims asserted against him in his Individual Capacity.

Fourteenth Amendments to the United States Constitution. In brief, Plaintiff alleges he ordered a free newspaper entitled "Under Lock and Key" ("ULK") that he did not receive. Plaintiff alleges that the publisher of ULK informed him that the publications were sent to him; and, since he did not receive them, Plaintiff concludes "on information and belief" that Officer Tyree "censored" his subscription.

This is the second Motion to Dismiss filed by Defendant. Defendant's initial Motion to Dismiss was mooted when Plaintiff responded to it with his Motion to Amend and proposed Amended Complaint.

**Standard of Review**

Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995). If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994).

While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)). "The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3 d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559). See also Ashcroft v. Iqbal, 556 U.S. 662, 679 ("[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief"). The Court of Appeals has cautioned that the "plausibility" requirement is not akin to a "standard of likely success on the merits," but instead, "the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor." Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010).

In considering a motion to dismiss a prisoner's claim that his constitutional rights have been violated, the court must be guided by the principle that, while "prison officials are to be accorded substantial deference in the way they run their prisons, this does not mean that we will rubber stamp or mechanically accept the judgments of prison administrators." Spratt v. R.I. Dep't of Corr., 482 F.3d 33, 40 (1st Cir. 2007) (citation omitted). In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

**Facts**

Like his initial Verified Complaint, Plaintiff's Amended Complaint stems from his failure to receive six issues of ULK which he contends were censored by Defendant without "timely and adequate notice…." (ECF Doc. No. 13 at p. 2). Plaintiff asserts that he requested a free subscription to ULK in October 2016 by mailing a written request to the publisher in San Francisco, California. Id. at p. 7. He claims he never received any newsletters while housed in the ACI's Maximum Security Facility, and, in November 2017, he was transferred to the ACI's High Security Center. Id. at p. 7. Once transferred, Plaintiff sent another written request to the Publisher for a subscription to ULK and "inquired whether or not [they] had ever received his October 2016 subscription request, and if they had, whether or not they had sent any ULK issues to him." Id.

Plaintiff asserts that the publisher responded to him via letter and explained that it had sent six issues to Plaintiff. Id. at p. 8. Plaintiff then concludes "on information and belief, [Officer Tyree] received all six (6) issues of ULK in question, and is solely responsible for censoring and not delivering all six (6) ULK issues." Id. Further allegations "[o]n information and belief" include that Officer Tyree "did not provide notice to [the Publisher of ULK] that he was censoring and not delivering their ULK subscription to Mr. Paiva", and that Officer Tyree "did not return the six ULK issues to [the Publisher], and instead disposed of them on his own." Id. at p. 10.

On January 22, 2018, Plaintiff submitted a written request to the ACI for review of his claim that Officer Tyree censored his subscription. Id. at p. 11. He filed the present case prior to receiving any response to his request from prison officials. While this case was pending, on February 27, 2018, Plaintiff received a response from Deputy Warden Michael Moore that the ACI has no record of receiving the Publications in question. Id. at p. 11-12. Deputy Warden Moore concluded that because there was no record that the ACI received the newspapers, there was no further action that could be taken. Plaintiff asserts that he has exhausted the available administrative remedies and seeks declaratory and injunctive relief, as well as nominal, compensatory and punitive damages and costs.

**Analysis**

Plaintiff's sole support for his claims rests upon his statement that "[u]pon information and belief, [Officer Tyree] is solely responsible for censoring and not delivering all six (6) ULK issues." Plaintiff has not, however, pleaded facts or submitted any evidence that support this conclusory assertion that Officer Tyree censored Plaintiff's subscription and failed to follow protocol at the ACI. Plaintiff does not state how he knows about Officer Tyree's alleged actions

or when they occurred. His allegations are also out of step with the information he admits he received from the ACI which states there is no record of the newspapers having been received.

Plaintiff argues, in his Objection to the Motion to Dismiss, that he could link Defendant to his claims if he were allowed to conduct discovery. He also asserts that the averments in his Amended Complaint are sufficient because his allegations are entitled to a presumption of truth at this stage. Plaintiff's Objections miss the mark. First, he is not entitled to conduct any discovery. Under established case law and the Federal Rules of Civil Procedure, a plaintiff must state an entitlement to relief in his Complaint before a defendant will be subject to the demands of discovery. See DM Research, Inc. v. Coll. of Am. Pathologists, 170 F.3d 53, 56 (1st Cir. 1999) ("the discovery process is not available where, at the complaint stage, a plaintiff has nothing more than unlikely speculations."). Second, although the standard of review on a Motion to Dismiss is deferential to Plaintiff's "well-pleaded" factual allegations, it does not require the Court to give credence to wholly unsupported allegations. In the present case, the "upon information and belief" nature of his allegations fail to nudge his claim over the line from possible to plausible. Ashcroft v. Iqbal, 556 U.S. 662, 680, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Accordingly, I recommend that the Motion to Dismiss be granted because the allegations contained in the Amended Complaint are purely speculative and fail to state a claim upon which relief can be granted. Fed R. Civ. P. 12(b)(6).

Even though the failure to state a claim under Fed. R. Civ. P. 12(b)(6) is dispositive, there are several additional reasons the Complaint must be dismissed. First, Defendant alleges that Plaintiff did not exhaust his administrative remedies prior to filing suit. Upon reviewing the facts, the Court agrees. Plaintiff sent a letter to Assistant Director Kettle asking him to review the issue

of his non-receipt of the newspaper subscription on January 22, 2018. He then filed the present lawsuit on February 7, 2018, prior to receiving any response to that inquiry. Section 1997e(a), 42 United States Code, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail…until such administrative remedies as are available are exhausted." In the present case, Plaintiff clearly initiated this suit before he had exhausted administrative remedies, which provides an additional reason for its dismissal. Second, Plaintiff is barred from recovering monetary damages against Officer Tyree in his official capacity under 42 U.S.C. 1983. See Will v. Michigan, 491 U.S. 58 (1989). In his Objection to the Motion to Dismiss, Plaintiff concedes that he brought the official capacity claims against Officer Tyree "in order to obtain the prospective injunctive relief" and the individual capacity claims "in order to obtain the monetary damages" that he seeks. (ECF Doc. No. 22 at p. 18). All of these grounds support the Court's recommendation that the Motion to Dismiss be granted.

Because the Court is recommending the dismissal of Defendant in his "official capacity," this leaves before the Court only the claims asserted against Defendant in his individual capacity. As noted, Officer Tyree recently filed a Motion to Dismiss Amended Complaint in his Individual Capacity. (ECF Doc. No. 35). In that Motion, Defendant argued that the Amended Complaint fails for the same reasons that are discussed herein and also because Defendant is entitled to qualified immunity for the individual capacity claims. The Court concurs, and further recommends that the District Court dismiss the Individual Capacity claims for all of those reasons, and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which dictates that the Court "shall dismiss" a Complaint "at any time if the Court determines that…the action or appeal fails to state a claim on which relief may be granted."

**Conclusion**

For the foregoing reasons, I recommend that the Motions to Dismiss Plaintiff's First Amended Complaint (ECF Doc. Nos. 15 and 35) be GRANTED and that all claims against Officer Tyree in his Official and Individual Capacity be dismissed. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 6, 2018