UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| RICHARD PAIVA | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 18-054 WES |
| VANCE TYREE Defendant. | ) ) ) ) | |

**MEMORANDUM AND ORDER**

William E. Smith, Chief Judge.

On November 6, 2016, Magistrate Judge Lincoln D. Almond filed a Report and Recommendation ("R. & R.") recommending that the Court grant Defendant Vance Tyree's motions to dismiss the Plaintiff's 42 U.S.C. § 1983 claims.[1] See ECF No. 36. The Plaintiff filed a timely objection to the R. & R. See Pl.'s Obj. to the Magistrate Judge's R. & R. to Dismiss Pl.'s Am. Compl. ("Pl.'s Obj."), ECF No. 37. After carefully reviewing the grounds for the Plaintiff's objections and the pleadings, and for the reasons that follow, the Court OVERRULES the Plaintiff's objections, ACCEPTS the R. & R., and ADOPTS its reasoning and conclusions. The Defendant's motions to dismiss are therefore GRANTED.

---

[1] While the Defendant's first motion to dismiss (ECF No. 15) was pending, the Defendant was served with the Plaintiff's First Amended Complaint asserting claims against the Defendant in his individual capacity. The Defendant filed a second motion to dismiss (ECF No. 35) incorporating his earlier arguments and additionally arguing that he was entitled to qualified immunity.

When a party timely objects to a magistrate judge's report and recommendation, the Court reviews the challenged rulings de novo. 28 U.S.C. § 636(b)(1)(C); United States v. Raddatz, 447 U.S. 667, 673-76 (1980). Here, the Plaintiff argues the R. & R. is faulty because (1) the Amended Complaint states facts that plausibly support his claims; (2) he exhausted all available administrative remedies; and (3) the Defendant is not entitled to qualified immunity. See generally Pl.'s Obj. None of these objections are creditable.

The Court agrees with Magistrate Judge Almond's conclusion that the Plaintiff's allegations are "purely speculative." R. & R. at 5. Plaintiff allegedly ordered a free newspaper he did not receive. Am. Compl. ¶¶ 19-20, ECF No. 13. He contends that he did not receive the newspaper because "on information and belief" the Defendant censored his mail. Id. ¶ 25. The only alleged support for this belief is an "Unconfirmed Mail Form" allegedly sent by the newspaper's publisher purportedly showing that the newspapers were mailed. See Am. Compl. Ex. A. The form is dated two months after the Plaintiff filed this action. Id. The Amended Complaint contains no facts to support the assertion that the Defendant even received, never mind censored, the Plaintiff's newspapers. At most, the allegations comprise speculation about why the Plaintiff might not have received the alleged mailings. Thus, the Plaintiff has not plausibly stated a claim for relief.

See Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)); McKenna v. DiNapoli, 16-CV-0024 (DRH)(GRB), 2017 WL 6459456, *4 (Dec. 15, 2017) (holding pleadings must state "specific facts" showing the "basis for [p]laintiff's information and belief" rather than "conclusory assertion[s]").

Regardless, as Magistrate Judge Almond concluded, it appears the Defendant did not exhaust his administrative remedies. See 42 U.S.C. § 1997e(A) ("No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted.") The Plaintiff wrote to the Adult Correctional Institution's assistant director about his concerns, but filed this action without waiting to receive the assistant director's response.[2] Compare Compl., ECF No. 1 (dated Feb. 5, 2018), with Am. Compl. Ex. A (assistant director's response dated February 26, 2018). Accordingly, this action was brought before the Plaintiff's administrative remedies were exhausted.

---

[2] Notably, the Plaintiff delayed raising his censorship allegations with the assistant director for nearly a year but refused to wait more than three weeks to file suit. See Am. Compl. ¶ 22.

As for the third objection, for the reasons set forth above, the Amended Complaint must be dismissed regardless of whether the Defendant is entitled to qualified immunity. See R. & R. 7-8. The Court agrees, in any event, that the Plaintiff has not pled facts plausibly suggesting the Defendant is not entitled to proceeding against him in his individual capacity. "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly' established' at the time of the challenged action." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Here, the Plaintiff failed to assert any well-pled allegations that the Defendant did anything to violate his clearly established constitutional rights. Qualified immunity therefore requires dismissal of the Plaintiff's claims against the Defendant in his individual capacity.

For the foregoing reasons, the Court OVERRULES the Plaintiff's objections (ECF No. 37), ACCEPTS the R. & R. (ECF No. 36), and ADOPTS its reasoning and conclusions. The Defendant's motions to dismiss (ECF Nos. 15, 35) are GRANTED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: March 18, 2019